

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**BY ELECTRONIC MAIL**

The Honorable Vernon S. Broderick
United States District Judge
40 Foley Square
New York, NY 10007

> Re:  *United States* v. *Jeff C. Yin, et al.*,
> **15 Cr. 706 (VSB)**

Dear Judge Broderick:

APPLICATION GRANTED
SO ORDERED [signature]
VERNON S. BRODERICK
U.S.D.J. 11/5/2015

The Defendant can be released having met the majority of his bail conditions. However, he is ordered not to use the telephone in his residence, until consensual monitoring is set up, or use a computer until one with Internet-monitoring is setup. In addition, the remaining $200,000 required to secure the bond shall be made in the form of cash and/or property, within one week from the Defendant's release. In the event that the Defendant or the Defendant's family locates the Defendant's birth certificate, or any other documents that could be used to obtain travel documents, they must be promptly surrendered.

After conferring with counsel to defendant Jeff C. Yin, the Government respectfully writes to update the Court on the status of the defendant's bail conditions. As Your Honor is aware, on October 29, 2015, the Court ordered the following principal bail conditions, all of which were to be met prior to the defendant's release (which conditions were described in full in an order dated October 30, 2015):

- A $2 million bond secured by $1 million cash or property and 6 financially responsible co-signers;

- Home detention, in New York City, with GPS-enabled electronic monitoring;

- Surrender of the defendant's mother's passport;

- Notification to the Chinese consulates in at least New York and California that the defendant is a U.S. citizen;

- No cellphone, and any landline to be consensually monitored;

- Any computer to be monitored and access only to approved websites ;

- No communication with co-defendants without counsel present; and

- Surrender of any other travel documents or documents that could be used to get travel documents, including the defendant's birth certificate, to the extent possible.

At present, the majority of the conditions have been met. The defendant has accordingly requested that the Government consent to his release. Specifically, the Government has been informed that defendant has found an apartment in Queens, which has been visited and approved by Pretrial Services, and outfitted for GPS monitoring, and that the defendant's GPS bracelet can be installed upon his release. All six co-signers have been interviewed, approved, and have signed the bond, and there is approximately $800,000 in cash or property securing the bond. The Government has further been advised that neither the defendant nor his family has his birth certificate, and the defendant's mother's passport has been surrendered. Counsel to the defendant has also sent the Government a copy of a letter sent the Chinese consulates in New York and California advising that he is a U.S. citizen. Finally, the Government has obtained an order for the defendant's telephone to be consensually monitored and has served that order on the telephone company, but at present the monitoring capabilities are not yet in place.

Based on the foregoing, the Government does not object to the defendant's release once he signs the bond, provided that the Court orders the following additional conditions:

1. The defendant may not use the telephone in his residence, until consensual monitoring is set up;

2. The defendant may not use a computer until one with Internet-monitoring is setup;

3. The remaining approximately $200,000 required to secure the bond shall be in place, in the form of cash and/or property, within one week; and

4. In the event that the defendant or the defendant's family locates the defendant's birth certificate, or any other documents that could be used to obtain travel documents, they must promptly be surrendered.

       The defendant consents to the additional conditions set forth above.

                       Respectfully submitted,

                       PREET BHARARA
                       United States Attorney

By:    s/ Daniel C. Richenthal
        Daniel C. Richenthal
        Janis M. Echenberg
        Rahul Mukhi
        Assistant United States Attorneys
        (212) 637-2109/2597/1581

cc:    (by ECF)

       Sabrina P. Shroff, Esq.
       Allegra Glashausser, Esq.