

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

November 22, 2015

**BY ECF**

The Honorable Vernon S. Broderick
United States District Judge
40 Foley Square
New York, NY 10007

    Re:    *United States* v. *Jeff C. Yin, et al.*,
            15 Cr. 706 (VSB)

Dear Judge Broderick:

      The Government respectfully writes in opposition to the motion of defendant Jeff C. Yin, a/k/a "Yin Chuan," in the above-captioned matter, made by letter dated November 18, 2015, requesting that the Court decrease the amount of cash or property required to secure his bond.

      As the Court is aware, there has been extensive, prior litigation regarding the defendant's bail. Given the significant risk of flight presented by the defendant, as evidenced by, among other things, his lying to federal agents and Pretrial Services about his possession of a valid Chinese passport and his access to resources, the defendant was ordered detained by the Magistrate Court. After subsequent briefing and argument before this Court, the defendant was ordered released once the conditions of a significant bail package, including a $2 million bond secured by $1 million cash or property, were met.

      The bail order was signed on October 29, 2015. Within a few days, on November 4, 2015, the defendant had met most of the conditions, but had only posted $200,000 securing the bond, not the required amount of $1 million. The defendant initially sought the Government's consent to allow him to secure the bond further after his release, on the ground that the defendant's mother was still in New York but her property was in California, and, the Government was advised, she did not want to return to California until her son was released. Rather than consenting to the defendant being released when only a small percentage of the bond was secured, the Government proactively assisted the defendant to prepare and file documents to record the mother's property in favor of the Government, including by enlisting the assistance of an Assistant United States Attorney in the Central District of California.

After the California property was posted, there remained a deficit of at least $60,000 to reach the full required amount of $1 million in security.[1] Seeking to be released as quickly as possible, the defendant requested that the Government consent to his release on the condition that he would post the additional security within one week. The Government consented, and submitted a letter to the Court requesting that the defendant be released, with the remaining security to be posted by November 12, 2015. The letter was so-ordered by the Court on November 5, 2015, and the defendant was released later that day.

The defendant did not post the additional security by November 12, as required. Instead, he requested that the Government consent to the bond being secured only by the existing cash and property. The Government objected, and the defendant filed his motion on November 18, six days after the deadline ordered by the Court had passed.

The Government respectfully requests that the defendant's motion be denied. As an initial matter, it does not appear to be properly brought under the governing law. The Bail Reform Act provides that "[t]he [bail] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). The defendant has proffered no "information [that] exists that was not known to [him] at the time" of the multiple previous arguments in his case.

In any event, the Court ordered a significant bail package for very good reason, and the defendant does not assert that he cannot meet that package. On the contrary, he argued at the bail hearing before the Court that there were at least two valuable properties in California available to secure the bond, and he informed the Government of the same. One of those properties currently secures the bond in part. The defendant offers no reason why the other property cannot also do so (or why other additional property or cash cannot also do so). It appears, in short, not that the defendant cannot meet the conditions ordered by this Court, but that he prefers not to do so.

For the foregoing reasons, the Government respectfully requests that the Court deny the defendant's motion, and order that he post the remaining security by the close of business on Wednesday, November 25, 2015.

---

[1] The Government's November 5, 2015 letter indicated that the bond was then secured by approximately $800,000, which was based on a record indicating that the defendant's mother's property was worth $600,000. An appraisal prepared for the defendant indicates that the property is worth far more, specifically, $740,000. The Government accepts that appraisal for purposes of this opposition.

          Respectfully submitted,

          PREET BHARARA
          United States Attorney


    By:  s/ Janis M. Echenberg
        Janis M. Echenberg
        Daniel C. Richenthal
        Assistant United States Attorneys
        (212) 637-2597/2109


cc:  (by ECF)

   Sabrina P. Shroff, Esq.

   Allegra Glashausser, Esq.