# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 24, 2015

BY ECF

Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

Re:  United States v. Jeff C. Yin, et. al.,
     Docket No. 15 cr. 706 (VSB)

Honorable Judge Broderick:

    I write in short reply to the government's November 22, 2015 letter (Gov't Ltr."), which opposes Jeff Yin's letter request dated November 18, 2015 seeking a slight modification of one of the conditions of his release. I address the government's arguments as follows:

1. 18 U.S.C. section 3142(3) provides: "The judicial officer may at any time amend the order to impose additional or different conditions of release." Id. Thus, contrary to what the government argues, (Gov't Ltr. at 2) the Bail Reform Act does in fact allow Mr. Yin with the mechanism by which he may seek redress from the Court.

2. Mr. Yin's immediate family is small – his mother and 14 year old brother. Mr. Yin's mother does not speak English and it is precisely because of that limitation that the government had to help with the paperwork. We thank the government for its assistance especially since Mr. Yin's mother remains in New York, doesn't speak any English and could not have possibly retrieved the paperwork as the government required, to

Honorable Vernon S. Broderick  November 23, 2015
United States District Judge  Page 2
Southern District of New York

Re:  United States v. Jeff C. Yin, et. al.,
     Docket No. 15 cr. 706 (VSB)

      start the process of posting the family home all over again before her son could be released.[1]

3. The government has provided not one reason why it believes that $1,000,000 cash/property is sufficient but $940,000 will simply not ensure Mr. Yin's return to court. Is it really their position that it is the $60,000, (not the $940,0000, plus his family and friend's future), that will ensure Mr. Yin's appearance in Court?

4. Jeff Yin is now on home incarceration. He has no job (although he plans to look for one after the government agrees to allow him to do so) and no income. His family (immediate and extended family) is carrying the weight of financial support. It is not that Mr. Yin "prefers not to" (Gov't ltr. at 2) post the additional $60,000, but that his family has limited resources which could go toward helping support him (and those he used to support when he was employed) while he is on home incarceration.

    For all these reasons the Court should grant our request and modify this one condition of release.

    Thank you for considering this request.

                            Respectfully submitted,

                            /s/
                          Sabrina P. Shroff
                          Assistant Federal Defender

SPS/jl
Cc:  AUSA Daniel Richenthal (via email)
     AUSA Janis Echenberg (via email)
     AUSA Rahul Mukhi (via email)

---

[1] The home was first posted as collateral on the complaint that was eventually dismissed (the government didn't indict on that complaint and instead brought a new one), and therefore had to be re-posted.