# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 18, 2015

BY ECF

Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square, Room 415
New York, New York 10007

**APPLICATION DENIED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.** 11/25/2015

Defendant must meet the remainder of the bail conditions by December 8, 2015.

Re:   United States v. Jeff C. Yin, et. al.,
      Docket No. 15 cr. 706 (VSB)

Honorable Judge Broderick:

   I write to request a slight modification of one of the conditions of release for Jeff Yin. The government objects to my request.

   On October 29, 2015 this Court set a string of conditions, (ECF entry # 69, EX A.) including the posting of $1,000,000 to secure a $2,000,000 bond. We ask that the court allow the bond to be secured by $1,000,000 less $ 60,000--$ 940,000. The government objects.

   Mr. Yin's mother is still living in New York with Jeff and there isn't anyone in California who can assist the family.

   There is little reason to oppose this request; the remaining conditions are stringent and have been met. And, it can hardly be said that Mr. Yin would flee because the bond is secured by $940,000, as opposed to $1,000,000 dollars.

   Again, to make sure the court is aware of the prosecutor's position -- they object. We nevertheless, ask the court to grant our request and modify this one condition of release.

Honorable Vernon S. Broderick  November 18, 2015
United States District Judge  Page 2
Southern District of New York

Re:  United States v. Jeff C. Yin, et. al.,
     Docket No. 15 cr. 706 (VSB)


   Thank you for considering this request.

                              Respectfully submitted,

                                    /s/
                              Sabrina P. Shroff
                              Assistant Federal Defender

SPS/jl
Cc:  AUSA Daniel Richenthal (via email)
     AUSA Janis Echenberg (via email)
     AUSA Rahul Mukhi (via email)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/30/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
UNITED STATES OF AMERICA,                 :
                                          :     15 Cr.706 (VSB)
            -v-                           :
                                          :     ORDER
JEFF C. YIN,                              :
                     Defendant.           :
                                          :
                                          :
------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

    Before me is the Defendant's Motion for Pretrial Release Defendant Jeff C. Yin. The motion was argued on October 29, 2015 (the "Bail Hearing"). For the reasons stated on the record on October 29, the Defendant's motion is GRANTED. I set forth below the entirety of Defendant Yin's bail conditions:

1. A $2 million personal recognizance bond, secured by $1 million in cash and/or property, and co-signed by Defendant's Mother, two high school friends, Uncle, Aunt, and the family friend who was present during the Bail Hearing ("Family Friend"), once approved by the U.S. Attorney's Office after review of pertinent financial information and an interview. Defendant's mother and two high school friends had been previously approved to sign a bond by the U.S. Attorney's Office, and may do so. If Defendant's Uncle, Aunt, and/or

Family Friend are not approved by the U.S. Attorney's Office, the Defendant can seek relief from me or find three other financially-responsible individuals to be co-signers;

2. Strict Pretrial Supervision;

3. Home detention with electronic and GPS monitoring at an apartment in New York City (the "Residence");

4. Defendant shall only be permitted to leave the Residence to (a) appear at the Thurgood Marshall United States Courthouse at 40 Centre Street, New York, New York and the Daniel Patrick Moynihan United States Courthouse at 500 Pearl Street, New York, New York for court appearances or as directed by his Pretrial Services Officer; (b) meet with his counsel, Sabrina Shroff and/or representatives of the Federal Defenders of New York working on this matter, at 52 Duane Street, 10th Floor, New York, New York; and (c) seek medical treatment. Defendant shall provide notice and obtain the approval from Pretrial Services for such visits;

5. Defendant to surrender all of his travel documents to Pretrial Services, including, to the extent possible, his birth certificate from China as well as any other

       documents that could be used to obtain travel documents, and will make no new applications;

6. Defendant's mother will surrender her travel documents to Pretrial Services and will make no new applications;

7. Defendant to notify in writing the Chinese Consulates, at a minimum the Consulates in New York and California, that he is a naturalized United States citizen;

8. Defendant, and other residents of the Residence, will execute a consensual Title III wiretap application for the single hardline in the Residence. All phone calls using the hardline, which shall not contain call forwarding or other similar features, will be recorded and monitored with the exception of counsel calls which will be automatically minimized;

9. Defendant shall not possess or use any cellular and/or satellite telephone or smartphone;

10. Defendant will be allowed to have a computer in the Residence, which will be loaded with a monitoring software;

11. Defendant's internet activity will be limited to (a) use of the computer with monitoring software and (b) only the websites approved by Pretrial Services and

3

the Government, and Defendant is not use any computer or other internet-capable device that does not contain such software;

12. Defendant shall not communicate with co-defendants, except in the presence of counsel, either physically or over the telephone; and

13. Defendant to be released upon the meeting of all of the conditions stated in this Order. However, Defendant can seek relief from this requirement if most of the conditions of this Order have been met, after first conferring with the U.S. Attorney's Office.

SO ORDERED.

Dated:   New York, New York
         October 30, 2015

*Vernon Broderick*
Vernon S. Broderick
United States District Judge